IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OUTDOOR PRODUCT INNOVATIONS, INC. ) ) ) | Case No: 1:18-CV-02457 |
| Plaintiff, ) ) | JUDGE PATRCIA A. GAUGHAN |
| vs. ) ) | |
| JEST TEXTILES, INC., ET AL. ) ) | |
| Defendants. ) | |

---

BRIEF IN OPPOSITION
TO MOTION TO SEAL RECORDS

---

Jest Textiles, Inc. ("Jest"), by and through its undersigned counsel, hereby files its Brief in Opposition to the Motion to Seal Records.

As stated in its former filing, Jest has no objection to a standard protective order, but takes issue with sealing records in a public proceeding. The Federal Courts, including the controlling Sixth Circuit, do not favor sealing records in court proceedings. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, (6th Cir. 2016), 825 F.3d 299. There is a guiding presumption of openness in court proceedings. There is a major distinction between protective orders entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. *Id.*

Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "At the

- 1 -

adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]**he public has a strong interest in obtaining the information contained in the court record**." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)… '**Secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption**.' *Id.*… The public has an interest in ascertaining what evidence and records [the Courts]… have relied upon in reaching our decisions." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, (6th Cir. 2016), 825 F.3d 299. There is a strong presumption in favor of openness as to court records. The burden of overcoming the presumption of openness of court records is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records. *Id.* The same holds true here.

Plaintiff owes Jest in excess of $1 million due to Plaintiff's breaches and non-payment. It is unfortunate that Plaintiff wishes to keep all its information secretive, but it failed to pay its debts and then chose to file this lawsuit in an openly public forum. While Plaintiff claims there is a non-disclosure agreement, nothing in that agreement references pricing at all, let alone the number of units shipped. Nothing in that Agreement states that the records must be sealed in the event of litigation. Jest is not disclosing or seeking to disclose customer lists, any alleged confidential methodology for building a hunting blind, or any IP. Jest is simply seeking to obtain payment. This case does not involve the identity of an abused minor, McDonald's secret sauce or matters of national security. This is not even a trade secret case - it is a mere collection action. The amount owed by Plaintiff to Jest (as calculated by the number of units shipped) is key. This information should not be sealed because it simply relates to the debt owed to Jest.

Jest requests that the Court deny Plaintiff's Motion to seal records in this action. Plaintiff caused this dispute by failing to pay its debts, then voluntarily initiated this lawsuit in a public venue.  There is no legal or factual basis to seal *any* records in this case, let alone billing records. *Shane.*

                                    Respectfully submitted,

                                    /s/Michael R. Stavnicky
                                    Michael R. Stavnicky
                                    (Reg. No. 0063726)
                                    Christopher O'Connell
                                    (Reg. No. 0075395)
                                    Singerman, Mills, Desberg & Kauntz Co., L.P.A.
                                    3333 Richmond Road, #370
                                    Beachwood, Ohio 44122
                                    (216) 292-5807
                                    mstavnicky@smdklaw.com
                                    *Attorneys for Defendant*
                                    *Jest Textiles, Inc.*

### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and 5(e), I hereby certify that on this 6th day of December 2018, a copy of the foregoing was delivered by electronic mail via this Court's Electronic Filing System to all parties.

                                    /s/ Michael R. Stavnicky