**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Outdoor Product Innovations, Inc., | ) | CASE NO. 1:18 CV 2457 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Jest Textiles, Inc., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |


## <u>INTRODUCTION</u>

This matter is before the Court upon defendant's Motion for Leave to Supplement

Counterclaims *Instanter* (Doc. 78).  This is a breach of contract case.  For the following reasons,

the motion is GRANTED in PART and DENIED in PART.  The Court will allow defendant to

supplement counterclaims one and two to include allegations regarding VAT taxes and duty

charges.  The motion is DENIED in all other respects.

## <u>FACTS</u>

Plaintiff Outdoor Products Innovations, Inc. filed this lawsuit against defendant Jest

Textiles, Inc. alleging wrongdoing in connection with the sale and manufacture of hunting

blinds.  In response, defendant filed a counterclaim asserting four claims for relief. Count one is a claim for breach of contact based on plaintiff's failure to pay for the hunting blinds and count two requests an accounting.  Count three purports to assert a claim for fraudulent inducement on the grounds that plaintiff entered into the contract with no intent of paying for the goods.  Count three is based on plaintiff's misrepresentation of the "order terms, delivery dates, type of shipping," as well as plaintiff's ability to pay.  In count four, defendant purports to assert its right under the Uniform Commercial Code.

Defendant now moves for leave to "supplement" its counterclaim and plaintiff opposes the motion.

### ANALYSIS

Defendant moves for leave to supplement its counterclaim pursuant to Fed.R.Civ.Pro. 15(d) based on events that transpired in this litigation since the filing of the counterclaim. Defendant argues that it has learned that plaintiff violated the parties' Mutual Confidentiality, Non-Disclosure, Non Compete Agreement ("Agreement").  Defendant further argues that it is now being assessed duty charges and VAT taxes.  According to defendant, these details "add clarification/detail to Counts I and II of the Counterclaim."  Defendant also seeks to supplement its counterclaim to add facts to the fraud count.  According to defendant, prior to this lawsuit, plaintiff indicated that it could not pay for all of the hunting blinds because "the bank" would not allow the release of the funds.  During this lawsuit, defendant learned that this statement was not true.  Rather, no bank put a hold on the release of plaintiff's funds.

Plaintiff opposes defendant's motion on the grounds of futility.  Each proposed amendment will be addressed in turn.  At the outset, the Court notes that both parties rely on

2

evidence in support of certain arguments. The Court will not consider the evidence in addressing this motion, as it is outside the scope of the pleadings. *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000)(court cannot consider evidence outside of the pleadings in addressing futility arguments raised in connection with a motion for leave to amend, as the applicable standard is based on Rule 12(b)(6)).

1.  Breach of the Agreement

Plaintiff argues that the proposed amendment fails to state a claim for relief with respect to the allegations directed at any alleged breach of the confidentiality and "right of first refusal" provisions contained in the Agreement. According to plaintiff, defendant asserts only legal conclusions, which are not supported with sufficient facts. In addition to citing the relevant provisions in the Agreement, defendant alleges as follows:

> 18. During this litigation, Plaintiff has been disclosing [Defendant's] confidential and proprietary information to third parties. Moreover, plaintiff is doing business directly with [Defendant's] suppliers/manufacturers in direct violation of the Agreement. No written confidentiality was obtained from these third parties and no copy of such agreement was ever provided to [Defendant]. Finally, Plaintiff ignored [Defendant's] right of first refusal/match and [Defendant] was never offered any additional orders or projects as required by the Agreement.
>
> 19. Plaintiff is doing business in China and ordering hunting blinds from [Defendant's] manufacturer, which is a direct violation of the parties [sic] Agreement.
>
> 20. As a direct result of these breaches and violations, [Defendant] has been damaged in an amount to be determined at trial in excess of $75,000.

Upon review, the Court agrees with plaintiff that the proposed amendment fails to state a claim for breach of the Agreement. Although defendant generically alleges that plaintiff "has been disclosing confidential information" and that plaintiff failed to obtain "written confidentiality" from these third parties, defendant fails to identify a sufficient factual basis

3

supporting this claim. Defendant does not identify any particular third party, nor does defendant identify what confidential information plaintiff disclosed. Accordingly, on the whole, the proposed amendment contains bare legal conclusions and does not state a claim for which relief may be granted. The same holds true with respect to defendant's allegations directed at the "right of first refusal" provision. Defendant identifies no specific entity with which plaintiff engaged in any transaction. The Court further finds that even if sufficient allegations existed as to the nature of the breach, the proposed counterclaim nonetheless fails to state a claim because defendant fails to sufficiently allege damages stemming from the breach. Nowhere does defendant allege that it would have acted upon its right of first refusal. Absent such an allegation, defendant fails to allege that it was damaged as a result of any failure on the part of plaintiff to present any business offer to defendant. This is especially so in light of the other allegations in the counterclaim. It is difficult to imagine that defendant would have, in fact, acted upon any such right of first refusal given the complete breakdown in the parties' relationship. Regardless, no such allegation is present in the proposed counterclaim and, therefore, the Court finds that defendant fails to state a claim for which relief may be granted as defendant's "right of first refusal" claim.

Defendant argues that since the filing of this lawsuit, it incurred "hundreds of thousands of dollars in duty assessments by the U.S. government and...VAT taxes by and through affiliates in China." Defendant seeks to supplement its breach of contract and account claims by adding this factual information. In response, plaintiff argues that the purchase orders are designated "C.I.F." and, therefore, VAT taxes and duty charges are included in the price listed on the invoice. Defendant disagrees. According to defendant, "the law says that the buyer pays."

4

Upon review, the Court will allow defendant to supplement its counterclaim to add this allegation. The designation "C.I.F." provides that the payment for freight and insurance is included in the quoted price. Here, plaintiff argues that the designation also means that the costs of duties and VAT taxes are included in the price. But, none of the cases cited by plaintiff so hold. Thus, the Court cannot say as a matter of law that the C.I.F. designation necessarily included the costs of duties and VAT taxes. Regardless, the Court is required to read defendant's counterclaim broadly. Here, defendant alleges that it incurred these charges *because of* plaintiff's breach of the parties' agreement. In Paragraph 2 of Count I, defendant alleges as follows:

> Plaintiff has repeatedly breached its obligations to pay [Defendant] approximately $1 million in open purchase orders and accept delivery of product, which was sitting in storage, warehoused and on docks. Plaintiff has breached the CIF terms of the parties' agreement causing [Defendant] to incur hundreds of thousands of dollars in duty assessments by the U.S. government and to incur VAT taxes by and through affiliates in China. Plaintiff has incurred damages for taxes, duty, storage, shipment, unpaid product, interest and attorney's fees.

Based on a broad reading of this allegation, defendant appears to claim that plaintiff refused to accept delivery and, as such, defendant incurred additional costs during the course of this litigation. Accordingly, the Court will allow defendant to supplement its counterclaim in this limited manner. Plaintiff is free to more thoroughly address this issue at the summary judgment stage.

2.      Fraud

Defendant moves to supplement its fraud counterclaim by adding the following allegation:

> During these proceedings we learned that the representative from Plaintiff fraudulently misrepresented/concealed that his bank would not release funds to Jest inducing Jest to

ship more product and become further in debt. These statements were knowingly false, as no bank was involved and Plaintiff said it was "the bank of Dan" meaning Plaintiff was refusing to pay, not a bank with some institutional controls. Plaintiff's representative and officer James Levis now admits that no bank was involved. Plaintiff's president fraudulently misrepresented these facts to Jest, lied about a bank refusing payment, which caused Jest to ship more product that was never paid for.

(Doc. 78-1 at p. 6).

Upon review, the Court agrees with plaintiff that such an amendment would be futile. Regardless of the truth of the statement, the contract between the parties obligated defendant to ship the product. Thus, defendant suffered no damages separate and distinct from its contract claim. Moreover, as plaintiff notes, any possible reliance would be wholly unreasonable. It makes no sense whatsoever that defendant shipped *additional* product because it believed that plaintiff's bank would not pay defendant. For these reasons, the Court denies defendant's request to supplement its fraud claim. The Court notes, however, that defendant's initial fraud claim remains pending. Plaintiff never moved to dismiss that claim and the Court addresses only the arguments directed at defendant's pending motion, which seeks to supplement its initial claim.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion for Leave to Supplement Counterclaims *Instanter* is GRANTED in PART and DENIED in PART. The Court will allow defendant to supplement counterclaims one and two to include allegations regarding VAT taxes and duty charges. The motion is DENIED in all other respects.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 10/3/19                    Chief Judge