IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OUTDOOR PRODUCT INNOVATIONS, INC. | ) Case No: 1:18-CV-02457 |
| Plaintiff, | ) JUDGE PATRCIA A. GAUGHAN |
| vs. | ) |
| JEST TEXTILES, INC., ET AL. | ) |
| Defendants. | ) |

_____

BRIEF IN OPPOSITION TO MOTION TO STRIKE
_____

Jest Textiles, Inc. ("Jest"), by and through its undersigned counsel, hereby files its Brief in Opposition to Plaintiff's Motion to Strike. As will be shown herein below, the Motion should be denied.

I.  LAW AND ARGUMENT

The Plaintiff claims that the affidavits of the owners of Jest - Kerry Forsdahl and Doug Graves - should be stricken as inconsistent with their depositions. They are not. Plaintiff is simply attempting to use smoke and mirrors to distract the Court from Plaintiffs' liability. Plaintiff mixes and matches concepts, words and facts to claim some inconsistency. A cursory review of Plaintiff's Motion shows it to be unsupported and baseless.

A.  KERRY FORSDAHL'S AFFIDAVIT

Plaintiff confusingly and inarticulately claims some contradiction between Kerry Forsdahl's deposition and her affidavit. There is none. Plaintiff either does not understand the evidence or purposefully misconstrues it. In essence, Plaintiff tries to confuse the Court by comparing apples to

- 1 -

oranges on the damages. Stated succinctly, the amount of Jest's damages and the amount of Plaintiff's purchase orders are two different things. The purchase orders are only 1 component of Jest's damages

Plaintiff seeks to compare Jest's damages to the base amount of the purchase orders, but Jest's damages go far beyond the bare, face amount of the purchase orders. As set forth in her deposition and her affidavit, the damages sought by Jest are as follows:

| | |
|---|---|
| Product | $154,829.95; |
| Storage and freight | $363,485.22; |
| Duty charges | $488,622.26; |
| VAT taxes | $472,770.10; and |
| VAT penalty | $472,770.10 |
| | $1,952,478.03 |

These damages are a constant and have not changed. Plaintiff is apparently looking at ONLY the product purchase order amounts in trying to artificially create some confusion on Jest's numbers. Plaintiff purposefully ignores all invoices for extra freight, storage and duty.

Jest invoiced: $6,204,269.23[1] ($5,653,934.82 for product / $514,836.93 for freight/storage / $35,497.48 for duty). *See* Jest MSJ Exhibit "1." Plaintiff only paid $5,705,527.31. *See* Jest MSJ Exhibit "1." In concocting its current Motion, Plaintiff disingenuously references only invoices for goods.

Plaintiff also seeks to compare its payments to the purchase orders, but its payments were applied to items beyond just the product. Plaintiff mixes and matches damages components to

---

[1] This does not include all duty, VAT or damages.

trump up this motion. Plaintiff's apparent "confusion" is caused by how it "believes" payments "should have been" applied. During the parties' job history in this matter, Plaintiff initially paid the duty charges and also paid the extra freight charges incurred. Thus, hundreds of thousands of dollars in payment were applied to freight and duty – not product.

For example, on page 2 of its Motion, Plaintiff claims some inconsistency - where none exists - regarding the purchase orders. The reality is that the Plaintiff issued several sets of purchase orders, which is confirmed in the deposition.

> Q: … there were purchase orders issued prior to the purchase order that were hand delivered to you at this May meeting.
>
> A: Yes.

Any confusion about which purchase order is being referenced is caused by the Plaintiff and Plaintiff alone. Plaintiff issued signed purchase orders and also later issued unsigned purchase orders. Despite this fact, Jest is not seeking any additional amount for product beyond the 155,558 hunting blinds accepted and delivered. *See* Jest's MSJ Exhibit "3" and "4." There is no inconsistency between Kerry Forsdahl's affidavit when compared to her deposition, Plaintiff simply ignores the other charges, damages and invoices to concoct an issue.

B. DOUG GRAVES' AFFIDAVIT

Next, Plaintiff seeks to strike the affidavit of Doug Graves claiming that the documents relating to damages for Value Added Tax should be stricken. Plaintiff's Motion is simply wishful thinking. As set forth in the former briefing, Jest is not claiming that the Chinese government is directly assessing it with VAT. Jest has stated all throughout this case and the depositions that its suppliers and manufacturers were assessed with VAT and a VAT penalty due to Plaintiff's non-payment. Those suppliers and manufacturers then assessed those damages to Jest, which runs through the State-owned company Shanghai Decorators. *See* MSJ Exhibits "19" and "20."

Jest is not claiming the Chinese government assessed it with VAT as a direct tax; Jest is claiming that its manufacturers and suppliers are requiring Jest to reimburse them for the VAT caused by Plaintiff's non-payment. *See* Affidavit Graves attached to MSJ as Exhibit "19." The reference to this component of damages as VAT is simply to explain where this part of Jest's damages arises from in this matter. If Plaintiff had timely and fully paid Jest, the VAT rebate would not have been lost. However, Plaintiff never timely or fully paid Jest causing these damages. Jest is liable to its manufactures and suppliers to pay them for these taxes. *See* Graves Affidavit. The fact that these damages will flow from Plaintiff, to Jest, to the manufacturers, to the Chinese government does not cause the damages to magically disappear. By way of example, imagine a construction project. The property owner hires a general contractor. The general contractor hires a subcontractor and the subcontractor rents equipment. Now imagine the owner never pays the general contractor, the general cannot pay the subcontractor and the subcontractor cannot pay the equipment rental company. The subcontractor then gets assessed with late payment penalties for non-payment of the rental of the equipment. The fact that the penalty damages will flow from the equipment rental company, to the subcontractor, to the general contractor, and ultimately to defaulting project owner in no manner negates the general contractor's damages for the penalties against the owner. It is a cost and damage owed by defaulting owner to the general contractor because the general is liable for these damages to its lower tier contractor. The damages remain and the liability remains. The same is true here.

The hunting blinds were made by Jest for Plaintiff in China and Plaintiff visited Jest's suppliers in China. *See* MSJ Exhibit "19." In this matter, because Plaintiff failed to timely pay, Jest's suppliers were assessed with VAT taxes and lost the export rebate in the amount of $472,770.10. Those suppliers in turn then assessed Jest with those amounts. *See* MSJ Exhibit

- 4 -

"19." Moreover, due to the lapse in time in payment, the Chinese government also assessed a 100% penalty on the tax, bringing the total VAT related damages to $945,540.20. In order to place Jest in as good of a position as if Plaintiff had fully performed, Jest is legally entitled to recover these VAT damages from Plaintiff in the amount of $945,540.20. *See* MSJ Exhibit "20." *Rasnick v. Tubbs*, 126 Ohio App.3d 431, 435, 437 (1998); *Nobs Chemical, U.S.A., Inc. v. Koppers Co., Inc.*, 616 F.2d 212 (1980); *Wells Fargo Bank, N.A. v. U.S.,* 88 F.3d 1012, 1021 (1996); Restatement of the Law 2d, Contracts (1981) 102–103, § 344. Jest is not claiming and has never claimed that China has the ability to directly assess it with VAT, it is being charged these damages by its Chinese vendors and companies. Doug Graves' affidavit is not inconsistent with his deposition at all, Plaintiff apparently just does not understand the case.

In addition to the affidavit of Doug Graves, the document and assessment regarding the VAT is a certified, official stamped document from the Chinese government. *See* MSJ Exhibit "20." That document is self-authenticating under under multiple Evidence Rules. *See* 902(3), (4), (7), (8), (9) and (12). Foreign public documents are admissible under Evid.R. 902(3). China is not like the United States, there are state owned government companies that are part of the Government. Shanghai Decoration Co., Ltd. is part of the Chinese government. https://www.skydd.net/2018/digital-stands/shanghai-textile-decoration-corp---group--ltd-. Shanghai Decoration is the official government unit for the exporting of textiles. Thus, the official, stamped document on VAT is admissible. Evid.R.902(3) or (4).

The document is further self-authenticating under Evidence Rules 902(8) and (9) as an acknowledged document and commercial paper and related documents under the UCC. The document is acknowledged and stamped by an official involved in a commercial sale under article 2 of the U.C.C. Similarly, the VAT documentation is admissible under Evidence Rule

902(7) involving trade inscriptions and the like. The VAT document is inscribed or labeled in the course of business as it is clearly marked and labeled by Shanghai Textiles. Finally, the VAT documentation is a certified foreign record complying with Evidence rule 902(12) bearing the stamp and seal from China. Under any of the aforementioned rules, the VAT document is self-authenticating and proper evidence in this matter.

Additionally, Jest's owner Douglas Graves testified in a sworn affidavit as to the amounts due and owing relating to the VAT. *See* MSJ Exhibit "19." Thus, not only is the claim supported by self-authenticated records from the Chinese government, but there is sworn testimony from the owner of Jest as well. Evid.R. 902(3), (4), (7), (8), (9) and (12); FRCP 56. *See* MSJ, Exhibits "19" and "20." Plaintiff's Motion to strike should be denied because the evidence and information provided is proper and admissible. There is no conflict between the affidavits and the depositions except in Plaintiff's flawed understanding of this case.

II. <u>CONCLUSION</u>

As set forth herein above, Plaintiff's Motion to Strike should be denied.

        Respectfully submitted,

        <u>/s/Michael R. Stavnicky</u>
        Michael R. Stavnicky
        (Reg. No. 0063726)
        Singerman, Mills, Desberg & Kauntz Co., L.P.A.
        3333 Richmond Road, #370
        Beachwood, Ohio 44122
        (216) 292-5807
        mstavnicky@smdklaw.com
        *Attorneys for Defendant*
        *Jest Textiles, Inc.*

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and 5(e), I hereby certify that on this 30th day of December 2019, a copy of the foregoing was delivered by email or electronic mail via this Court's Electronic Filing System to all parties.

/s/ Michael R. Stavnicky