UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Outdoor Product Innovations, Inc., | ) | CASE NO. 1:18 CV 2457 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Jest Textiles, Inc., | ) | **Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's Motion to Strike Affidavit of Kerry Forsdahl and Doug Graves (Doc. 114).  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

Plaintiff moves to strike two affidavits submitted to the Court in connection with the parties' summary judgment motions.  Defendant opposes the motion.  Each affidavit will be addressed in turn.

A.  Kerry Forsdahl

Plaintiff moves to strike the Forsdahl affidavit in its entirety.  According to plaintiff, the affidavit directly contradicts Forsdahl's deposition testimony.  Plaintiff points to the following

1

paragraph:

> 4. Plaintiff issued signed C.I.F. purchase orders to Jest in the amount of $5,999,933.30. These orders were all signed by OPI's controller Samantha Hamilton. True and accurate copy of the P.O.'s [sic] is attached hereto as Exhibit "2." All Plaintiff's signed P.O.s stated that the sale and shipment terms were C.I.F (meaning cost, insurance and freight to ship from China). The purchase orders contained no second page. The total amount of billings then increased to $6,204,269.35 based on changes to the orders.

Plaintiff first argues that Forsdahl's statement that "the purchase orders contained no second page" must be stricken based on the following deposition testimony:

> Q. When you received the purchase orders on May 17th, were the terms and conditions of those purchase orders attached to the back side of the document?
>
> A. I believe so but that was the first time I ever saw that really. Their initial -- the POs I ever received from OPI before this order were just single sided just, they looked just like this and that was it. It was only when I received these ·purchase orders after the fact of being half, you know, halfway through production on these orders that then they sent through purchase orders that had this legalese on the back.
>
> ***
>
> Q. After you received [purchase orders on April 23rd], we talked about the May 17th meeting where you had additional or other purchase orders that superseded and replaced the purchase orders that were previously provided, correct?
>
> A. Yes.
>
> Q. So the purchase orders that are included in this April 23rd email were in fact superseded by the other purchase orders?
>
> A. Yes.

Upon review, the Court agrees with plaintiff that Forsdahl's testimony directly contradicts the statement contained in her affidavit. Specifically, Fosdahl testified that she received purchase orders on approximately April 23rd. She then further testified that those purchase orders were superseded by the May 17th purchase orders. With regard to the May 17th

2

purchase orders, Forsdahl testified at her deposition that she believes that the terms and condition on the backside of the document were present, but that she had not seen those terms before. Thus, this testimony is directly contradictory to the statement now presented in her affidavit that "The purchase orders contained no second page." In reviewing the purchase orders attached to Forsdahl's affidavit, the Court notes that there is no "second page" or "legalese." Because Fosdahl testified at deposition that, in fact, the purchase orders contained a backside containing legalese, the Court will not consider Fosdahl's contradictory statement in ruling on the pending summary judgment motions. This is especially so because defendant offers no opposition to plaintiff's argument with respect to this statement.

Plaintiff next argues that the last sentence in Paragraph 4, in which Forsdahl avers that "the total amount of billings then increased to $6,204,269.35 based on changes to the orders," should be stricken. According to plaintiff, this statement is misleading because it implies that defendant "contemporaneously billed [plaintiff] for $6,204,269.35." Defendant responds that the amount it is claiming as damages has never changed through this lawsuit. And, regardless of whether invoices were sent to plaintiff contemporaneously, defendant kept track of the amounts due by creating invoices. Upon review, the Court denies plaintiff's request. In essence, plaintiff argues that the statement is directly contradictory because "billings" can only mean purchase orders or invoices sent contemporaneously. The Court disagrees. Although the Court acknowledges plaintiff's interpretation of the statement, the Court finds that the word "billings" is susceptible to other interpretations and, as such, nothing plaintiff points to from Forsdahl's deposition directly contradicts her affidavit. The Court notes, however, that Paragraph 4 has no bearing on whether those billings are for "unpaid product" or some other component of damages.

3

Plaintiff further argues that Paragraph 15 is directly contradicted by deposition testimony and that throughout the affidavit Fosdahl improperly refers to certain "invoices" as being part of the parties' contract. But, plaintiff's brief reads more like a legal argument as to what makes up the parties' contract rather than pointing out specific instances in which the affidavit directly contradicts deposition testimony. Accordingly, the Court will consider the affidavit, with the exception of one sentence in Paragraph 2, which, as set forth above, is directly contradicted by Forsdahl's deposition testimony.

B. Doug Graves

Plaintiff moves to strike the affidavit of Doug Graves as it relates to plaintiff's claim for value added taxes imposed by China. The Court declines to strike the affidavit. Rather, the Court has considered the admissibility of the evidence proffered by defendant in the Court's Opinion addressing the parties' summary judgment motions.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/20/20