IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OUTDOOR PRODUCT INNOVATIONS, INC. | ) Case No: 1:18-CV-02457 )  ) |
| Plaintiff, | ) JUDGE PATRCIA A. GAUGHAN ) |
| vs. | )  ) |
| JEST TEXTILES, INC., ET AL. | )  ) |
| Defendants. | ) |

BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS
AND MOTION FOR SANCTIONS AGAINST PLAINTIFF
FOR VIOLATION OF THE CONFIDENTIALITY AND PROTECTIVE ORDER
(REQUEST FOR HEARING)

Jest Textiles, Inc. ("Jest"), by and through its undersigned counsel, hereby files its Brief in Opposition to Plaintiff's Motion for Sanctions. As will be shown herein below, the Motion should be denied.

I.     LAW AND ARGUMENT

While Plaintiff continues to file Motions to Compel and for Sanctions, again and again, its filings are frivolous and, in actuality, show its own breach of the parties' Confidentiality Agreement and this Court's Protective Order. Plaintiff falsely claims that Jest refuses to produce discovery, but that is simply incorrect. In accordance with the Court's Order in October 2019, Jest supplemented its discovery and produced all additional information it had in its possession. All Jest representatives were deposed, including the requirement that Doug Graves fly to the United States from China for his deposition (which in hindsight looks incredibly dangerous due to the coronavirus). Moreover, Jest produced 6,064 pages of documents. As will be shown herein below, Plaintiff's Motion is

knowingly false, much of the information claimed "missing" was produced by Jest long ago or is internal documents from third-parties that Jest has never seen.

A. <u>DISCOVERY DISPUTE</u>

As the Court knows, the scope of discovery is within the discretion of the trial court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir.1993). Moreover, there is a very specific manner and set of rules for raising discovery disputes that Plaintiff ignored in their entirety here. In *Mohney v. USA Hockey, Inc*., 5 Fed.Appx. 450 (2001), a party filed a motion for sanctions relating to the failure of USA Hockey to produce "approximately thirty (30) letters received by the [USA Hockey Body Checking] Task Force." The district court denied the Mohneys' motions, concluding that they failed to comply with Local Rule 37.1 for the Northern District of Ohio which imposes in essence, three prerequisites to the filing of a motion for sanctions and to compel. First, counsel for the party seeking discovery must certify to the court "the making of sincere, good faith efforts to resolve such disputes." N.D. OHIO R. 37.1. Second. "[t]he Judicial Officer shall attempt to resolve the discovery dispute by telephone conference." *Id*. Third, if after the telephone conference, the discovery dispute has not yet been resolved, "the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda." *Id*. Finally, if after consideration of the position letters, the Judicial Officer remains "unable to resolve the dispute, the parties may simultaneously file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel." *Id*. Here, Plaintiff failed to comply with any of these steps.

Plaintiff did not contact the undersigned counsel on these alleged issues at any time since October 2019. At no point in the past 7 months has Plaintiff contacted the undersigned to claim that

some email, attachment or document had not been produced or appeared incomplete. In the past 7 months, we received no question or inquiry about Jest's document production. No new discovery dispute was raised. Not only did Plaintiff fail to make good faith or sincere efforts to resolve any issue – it made no efforts whatsoever. No issue was raised, no conference with the court was set and no discussions were had. Instead, Plaintiff simply filed a knowingly false motion for sanctions as some belated strong-arm tactic in case that is on the eve of Trial.

Similarly, while Jest has fully responded, Plaintiff fails to cite to any interrogatory or document request that relates to the "alleged" "missing" information. Upon a thorough review of Plaintiff's discovery requests, Jest can find no request that has not been properly answered or responded to in this matter. What request is Plaintiff claiming was not answered or answered incompletely? While Plaintiff claims there are missing documents in discovery, it cites to no request that is unanswered. **No document request asked for all communications with North Forest. No document request asked for all communications with Leisure Time. No document request asked for all communications with Cixi Beisen Tourist Products Co. No document request asked for all communications with Nine Bulls.** While Plaintiff has provided all documents in its possession on this dispute, what is the basis for the Plaintiff's Motion if the information was never sought in the first place?

The Court should also note that the discovery deadline in this case expired July 1, 2019. As a matter of law and local rule, no discovery dispute shall be brought to the Court's attention more than 10 days after the discovery cut-off. N.D. OHIO R. 37.1(B). The discovery deadline in this case expired in July 2019. Thus, Plaintiff's Motion should be summarily denied as not only false and improper, but 9 months late.

B.     THE "ALLEGED" "MISSING" INFORMATION

While Plaintiff's Motion is legally defective and out of rule, Jest will endeavor to address the claimed "missing" documents. The "alleged" "missing" information Plaintiff is complaining about fits into 3 categories: (1) it was already produced; (2) Jest has never seen it - since it was internal to third parties; or (3) Jest no longer had the information.

1.     JEST ALREADY PRODUCED DOCUMENTS

Much of the information, Plaintiff claims was never produced - **WAS PRODUCED BY JEST OVER A YEAR AGO**. *See* Doug Graves Affidavit, Exhibit "1." It is disgusting that Plaintiff and its counsel are misrepresenting Jest's discovery production to the Court.

One group of alleged "new" documents that Plaintiff claims were so critical were the purchase contracts with a supplier in China. JEST ALREADY PRODUCED THESE PURCHASE CONTRACTS. *See* Plaintiff's bate stamps NF0001-5 and compare Jest's Production OJ 5095-5107 attached as Exhibit "2." Plaintiff and its counsel are falsely misrepresenting the discovery production by Jest to the Court. Under Federal Rule 11, they should be sanctioned for false filings. Much of the information complained about by Plaintiff in its Motion for Sanctions was produced by Jest and sent to Plaintiff long ago. Purchase contract number 4513 (not the bates number, but the contract number) was produced. *See* Exhibit "2." Purchase contract number 4518 was produced. Purchase contract number 4521 was produced. *Id.* Purchase contract number 4526 was produced. Purchase contract number 4538 was produced. *Id.* These are all the same purchase contract documents with revision dates that Plaintiff is now claiming it never received. Thus, Plaintiff's Motion for sanctions is knowingly false.

Additionally, Jest produced to Plaintiff additional purchase contracts identified as contract numbers 4517, 4532, 4534, 4536, 4539, 4543, 4549, and 4522 that apparently North Forest did not

- 4 -

produce to Plaintiff. *See* Jest's production attached as Exhibit "2." Not only is Plaintiff's motion knowingly and recklessly false, Jest produced more information than that by North Forest.

Similarly, Jest produced all emails in its possession with Alison at North Forest. *See* Exhibit "2", OJ 1167, 1419, 1487, 1530, 1536, 3160, 3315, 3168, 3177, 3601, 3681, 4072, 4099, 4100, 4128, 4135, 4136, 4272, 4363, 5589, 5862. WE ALREADY SENT THIS TO PLAINTIFF LAST YEAR. Jest sent all records it had in its possession last year and fully complied with this Court's order. Plaintiff's Motion for Sanctions is knowingly false and they should be sanctioned for these games.

2. THIRD-PARTY DOCUMENTS

The second group of information Plaintiff complains is "missing" relates to internal documents of third parties in China that Jest has never seen. *See* Exhibit "1." Almost all of the information that Plaintiff claims was not produced is internal information from third parties that Jest would never see or have access to. *See* Plaintiff's Motion, bate stamps NF35-NF137 and LT1-6. **Jest has never seen these Chinese documents, they are not Jest's documents; and thus, Jest could not produce it because it never had it.** *See* Exhibit "1." This issue could have been cleared up by a simple phone call, but instead Plaintiff filed a Motion for Sanctions. The information is not Jest's, Jest does not have those documents and Plaintiff's Motion is frivolous.

3. DOCUMENTS NO LONGER EXIST

The third group of documents Plaintiff complains about are documents that Jest no longer has from two and three years ago. Plaintiff argues that Jest did not produce texts, but Doug Graves did not save old texts from 2017 and 2018 and has no access to them. *See* Exhibit "1." In China, they use a messaging service called "we chat" similar to "iMessage" in the U.S. By the time this lawsuit was filed, Jest no longer had that information. The texts Jest still had were produced. Doug

- 5 -

Graves did not save old texts from 2017 or early 2018 and had no access to them to produce in this matter. *See* Exhibit "1." Jest had no known way to obtain old deleted texts. Jest has produced all information requested that it has access to in this matter. It cannot produce information it does not have.

Simply stated, if Jest had a responsive document, then it was produced. *See* Exhibit "1." If some alleged "missing" document was maintained by a vendor, then Jest no longer had it. There was no improper purpose and there was no lawsuit in the spring of 2018. Prior to this lawsuit, Jest did not keep every email or document. In early 2018 and mid-2018 it only kept the documents it deemed pertinent or important. For example, if there was an initial discussion on delivery dates and then it was modified, prior to the lawsuit, Jest's old emails would have been discarded and deleted in January 2018 or March 2018 since they were no longer accurate. If a purchase contract was revised, the revision writes over the old version. Only the current accurate version is maintained because the old version is no longer applicable. Once the delivery date changed and once the May 2018 purchase orders by Plaintiff were issued, all the old schedules and dates became irrelevant. At that time, in early 2018, as schedules were changed the old schedules were discarded by Jest. Jest did not keep old, inaccurate information. Jest produced everything in its possession and cannot produce information it does not have or deleted in early 2018. *See* Exhibit "1."

   C.  SANCTIONS

As to sanctions, the court has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir.1988). The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in

discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered. *Id.; Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995); *Bank One of Cleveland v. Abbe*, 916 F.2d at 1073. *Freeland v. Amigo*, 103 F.3d 1271 (1997). None of these elements are met here.

Even ignoring the law, the local rules and the discovery cutoff, there is no basis for Plaintiff's current motion. As set forth above, Jest has fully cooperated in discovery, complied with the Court's October 2019 order and produced a mass of information. Jest produced over 6,000 pages of documents, had all of its key employees deposed (some more than once), flew one of its owners in from China and cooperated fully. Jest has not hidden documents or failed to produce anything it has that was requested. Jest produced 6,064 pages of documents. Of equal importance, none of the information Plaintiff falsely claims Jest did not produce has any significance. A series of the emails relates to boxes and box art. There is no hidden information or secret. There is no "smoking gun", just a bunch of the same old stuff. The documents show Jest's suppliers requesting money because Plaintiff had not paid Jest. We knew that. The documents show Jest seeking to obtain releases of bills of lading even though there had not been full payment by Plaintiff (that was a benefit to Plaintiff). We knew that. The documents show Jest seeking to arrange orders and shipments. We knew that. The documents show efforts to speed up manufacturing and obtain fabric. We knew that. The Court and the parties knew all of this already and the "alleged" "new" information is simply the same old, rote information. Jest produced everything it maintained and had access to in its system. Plaintiff's Motion is a panicked filing because it knows it already lost on summary judgment, had most of its claims thrown out and the Trial is looming. The Motion for Sanctions smells of desperation and fear. There is no basis for sanctions and there was no

misconduct by Jest. There was no warning of potential sanctions or even a warning that there was a single alleged "missing" document. Finally, there was also no prejudice or harm to any party, except to Jest because Plaintiff has violated the confidentiality agreement and the protective order issued by this Court.

    D.    PLAINTIFF'S EVER-CHANGING STORY

Oddly, Plaintiff's arguments in its Motion for Sanctions are also inherently inconsistent from its position throughout this case. While Plaintiff claims some grand conspiracy, it simply does not understand the case or cannot remember its own past stories.

Throughout its Motion, Plaintiff whines that Jest allegedly hid documents relating to some earlier schedule and different timetables. That is not only false, but it also contradicts Plaintiff's own position in this case. As the Court noted in prior briefing, the Plaintiff **issued the final purchase orders to Jest in May 2018.** In fact, those purchase orders are the focal point of Plaintiff's entire lawsuit, which referenced delivery dates ranging from summer 2018 to November 2018. Now, Plaintiff claims some different timetable? While Plaintiff claims it issued purchase orders in May 2018, it now claims that some other delivery schedule applies, but that is literally impossible. If the May 2018 purchase orders are controlling, which Plaintiff has claimed throughout this case, then how can anything relating to some other timetable exist. There cannot be orders before the purchase orders themselves came into existence. Plaintiff talks out of both sides of its mouth. Which controls, the May 2018 purchase orders or something else?

Plaintiff also claims that Jest's alleged non-payments held up the job – Agreed. We know Plaintiff did not pay Jest and thus Jest struggled paying Shanghai Textiles in full. This is the entire cause of the VAT taxes and penalties that has been briefed ad nauseum in this case. Is Plaintiff now taking responsibility for its non-payment and late payment?

Plaintiff also claims that Jest did not pay suppliers and vendors. As Jest has stated throughout this case – it does not and cannot pay suppliers/vendors directly. *See* Exhibit "3", Depo, Kerry Forsdahl p. 26-27, 75 and Exhibit "1." As a matter of Chinese law, Jest pays its government run intermediary - Shanghai Textiles. Shanghai Textiles, then pays the suppliers or manufacturers. Plaintiff's arguments on payments make no sense and are knowingly false. Jest produced its payment records to Shanghai Textiles. *See* Jest's records of wire payments, Exhibit "4" OJ 4505, 5637, 5640, 5643, 5646, 5651, 5653, 5659. 5668, 5669, 5677, 5683, 5684, 5687-5718, 5726-5766, 5772-5855, 5866- 5950-6005. These records of payments show an ongoing series of large payments to Shanghai Textiles starting in January 2018 and consistently running throughout the job. There are payments in January 2018, February 2018, March 2018, April 2018, May 2018, June 2018, July 2018, August 2019, September 2018, October 2018 and November 2018. *Id.* In its desperation, Plaintiff is literally making up stories which directly contradict the evidence. Jest has hundreds of pages of the wire confirmations proving the inaccuracy of this allegation and so does Plaintiff because it was produced.

    F.    <u>PLAINTIFF'S VIOLATION OF CONFIDENTIALITY AND PROTECTIVE ORDER</u>

What is most telling about Plaintiff's current Motion is that it is direct evidence that it has breached both the parties' Confidentiality Agreement and the Court's Protective Order. *See* Exhibits "5" and "6." As the Court knows, the parties signed a Confidentiality Agreement. Part of that Agreement was that Plaintiff would not seek to use Jest's contacts or suppliers. Any information received by Plaintiff from Jest was solely to be used for doing business with Jest. *See* Exhibit "5." The Plaintiff's motion self-evidently shows its own, knowing breach. After the discovery deadline, after summary judgment, after it lost on summary judgment in great part, Plaintiff and its attorneys went to these third-parties and violated the Agreement. This type of egregious and violative

conduct is the very reason that Jest did not want Plaintiff knowing the names and contacts of its suppliers and vendors. Not because there was anything to hide, but because Plaintiff would interfere with Jest's business and vendors, which Plaintiff has now clearly admitted to doing.

We have also learned that Plaintiff and/or its agents are strong arming and promising to send work to these vendors and suppliers only if they "cooperate" with them in this lawsuit. *See* Exhibit "1." That sounds like an improper conduct, suborning information and unfair competition, which violates U.S., International, and Chinese law. In China, it violates the revised PRC Anti-Unfair Competition Law. Internationally, Plaintiff's alleged conduct violates the International Anti-Bribery and Fair Competition Act of 1998. In the United States, Plaintiff's conduct violates the Defend Trade Secrets Act of 2016 (DTSA), which amended the Economic Espionage Act of 1996. The undersigned has never seen a case where a party and its agent have so brazenly flaunted and violated the law.

Equally disturbing is that Plaintiff's post discovery and post summary judgment conduct violates this Court's Protective Order in this case. The documents and information produced by Jest were confidential and subject to this Court's Protective Order. *See* Exhibit "6", Sec. 2 of Order. The documents which were allowed to be marked confidential included: trade secrets, commercial information, invoices, purchase orders, suppliers, vendors and purchaser information. *Id*. Sec. 3. In this case, the Court's protective order states that protected information shall not be disclosed to anyone outside the parties and counsel. Plaintiff has clearly violated the provisions in section 5(b) of the order in its recent action, contacts and disclosures in China[1]. *See* Exhibit "5." Similarly, the protected information shall not be used or disclosed by any person except for trial in this matter.

---

[1] Jest will separately be seeking depositions on the limited issues of the violations from all responsible parties, their agents and counsel. Jest will request a separate hearing in this Court.

*See* Sec 5(a). Plaintiff has violated the protective order, damaged Jest and should be sanctioned for its conduct.

Plaintiff's conduct also begs the question why was Plaintiff attempting to obtain information and the "alleged" declarations 9 months after the discovery cutoff and months after the summary judgment briefing. Why wasn't this done in the fall and winter of 2018? Why wasn't this done in the spring or summer of 2019? Jest can easily answer that: after the summary judgment decision throwing out most of Plaintiff's claims the Plaintiff became desperate. Desperation makes people do reckless things and in this case that has led us to Plaintiff and its agents knowing and purposeful violation of this Court's Protective Order, the Confidentiality Agreement, PRC Anti-Unfair Competition Law, Anti-Bribery and Fair Competition Act of 1998, Defend Trade Secrets Act of 2016 (DTSA) and Ohio law. Jest will be filing a separate motion on these issues and requesting limited discovery and a hearing.

There is one final significant fact in this matter that the court should note. The two declarants who were allegedly improperly influenced to provided declarations on behalf of Plaintiff in this matter **DO NOT SPEAK OR READ ENGLISH, so how did they read what they were signing?** *See* Exhibit "1."

III.   CONCLUSION

As set forth herein above, Plaintiff's Motion should be denied. Jest responded to discovery, has had its witnesses deposed and supplemented its document production when additional information was available. Jest has produced all information in its possession. Thus, Plaintiff's Motion should be denied.

Jest requests that the Court set a hearing for sanctions against Plaintiff, set a limited discovery order to allow Jest to obtain depositions and discovery regarding the limited issue of

Plaintiff, its agents, lawyers and these new declarants' violations of the Court's Protective Order, the Confidentiality Agreement, PRC Anti-Unfair Competition Law, Anti-Bribery and Fair Competition Act of 1998, Defend Trade Secrets Act of 2016 (DTSA) and Ohio law.

        Respectfully submitted,

        /s/Michael R. Stavnicky
        Michael R. Stavnicky
        (Reg. No. 0063726)
        Singerman, Mills, Desberg & Kauntz Co., L.P.A.
        3333 Richmond Road, #370
        Beachwood, Ohio 44122
        (216) 292-5807
        mstavnicky@smdklaw.com
        *Attorneys for Defendant*
        *Jest Textiles, Inc.*

### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and 5(e), I hereby certify that on this 9th day of April 2020, a copy of the foregoing was delivered by email or electronic mail via this Court's Electronic Filing System to all parties.

        /s/ Michael R. Stavnicky