**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Outdoor Product Innovations, Inc., | ) | CASE NO. 1:18 CV 2457 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Jest Textiles, Inc., | ) | **Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff Outdoor Product Innovations, Inc.'s Motion for Sanctions (Doc. 131). Also pending is defendant's Motion for Sanctions Against Plaintiff for Violation of the Confidentiality and Protective Order (Doc. 133). For the following reasons, plaintiff's motion is GRANTED in PART and DENIED in PART. As set forth herein, the Court will instruct the jury that delays in fabric shipment caused delays in production. In addition, the Court hereby awards plaintiff the reasonable attorneys' fees incurred in preparing this motion. By May 20, 2020, plaintiff is to provide the Court with a detailed summary of the fees, broken down by time entry. The Court will review the submission and award an appropriate fee. Defendant's motion is DENIED.

1

**FACTS**

Only those facts necessary for a resolution of the pending motions are set forth herein.

Defendant is a custom manufacturer of durable fabrics. Defendant does not manufacture specific products itself. Rather, it locates a manufacturer and supplies fabric to that manufacturer to produce whatever product is requested by the buyer. In this case, plaintiff ordered custom hunting blinds, known as "Rhino Blinds," from defendant. Defendant, in turn, contracted with Chinese manufacturers to produce the product.

During discovery, a dispute arose regarding plaintiff's production of documents related to, among other things, its Chinese suppliers and manufacturers. On October 3, 2019, the Court ordered defendant to produce all "documents related to Chinese vendors used by defendant in the course of the production of the hunting blinds at issue in this case." The Court further indicated that "[g]iven the discovery difficulties in this case, the Court...cautions defendant that the Court will likely preclude any party from introducing at trial or at the summary judgment stage, any documentary evidence not turned over in discovery. Nor would the Court be inclined to allow testimony from witnesses that is based on documents that were not disclosed."

Thereafter, the parties filed cross-motions for summary judgment. Those motions were granted in part and denied in part. Plaintiff filed a motion to reconsider the Court's summary judgment ruling. The Court denied that motion on the grounds that plaintiff did not seek summary judgment on the issue for which it sought reconsideration. Subsequent to the summary judgment briefing (and long after the discovery cutoff), plaintiff contacted certain Chinese vendors, who cooperated with plaintiff by producing documents and providing affidavits. Plaintiff now claims that it possesses documents from certain vendors that should have been

produced by defendant and that sanctions are warranted. Defendant opposes the motion. In response, defendant filed its own motion for sanctions on the basis that plaintiff violated the parties' confidentiality order, as well as the Protective Order entered by the Court, by contacting the Chinese vendors. Plaintiff opposes defendant's motion.

      1. Plaintiff's motion for sanctions

Plaintiff asks that the Court sanction defendant for failing to comply with the Court's discovery order. Specifically, plaintiff asks for the following sanctions (1) striking defendant's counterclaim; (2) a jury instruction directing the jury to find that defendant failed to timely deliver hunting blinds and that defendant did not suffer any damages as a result of any failure on plaintiff's part to pay a 50% deposit; (3) Plaintiff also asks that the Court issue an order preventing any evidence supporting a claim that it timely delivered the hunting blinds or sustained any damages due to plaintiff's failure to pay proper deposits; (4) an order prohibiting both of defendant's Rule 30(b)(6) witnesses from testifying at trial.

All of the sanctions sought by plaintiff ultimately would result in a dismissal of defendant's claims. Plaintiff seeks an order striking the claims. Alternatively, plaintiff seeks a jury instruction requiring the jury to find that defendant failed to timely deliver the blinds and that defendant suffered no damages as a result of plaintiff's failure to remit a 50% deposit. But, this is tantamount to a dismissal of the claims because it would preclude defendant from any recovery on its claims. Similarly, plaintiff's request that the Court sanction defendant by prohibiting it from calling its witnesses at trial would end defendant's case.

Much of the information provided by plaintiff in the context of this briefing has no bearing on whether defendant improperly withheld documents. By way of example, plaintiff

relies on the declaration of a Chinese vendor who avers about the way business was done with defendant and how their relationship worked. The general manager of one of the Chinese vendors avers that "[w]e invested a lot of our own money for this 2018 business. There was never a money issue that caused fabric to be delayed. The problem was that Jest never supplied our factories with an order plan." (Doc. 132-1 at par. 5). These statements constitute evidence going to the merits of the dispute, not the issue at hand. The Court will not consider this new evidence in determining whether defendant should be sanctioned for failing to produce certain documents. The Court now turns to the specifics of the withheld documents.

Plaintiff cites generally to three document productions received from three different Chinese venders. The Court has independently reviewed each document provided by plaintiff. The documents are as follows:

> Documents from TuRui and Linyi: This production consists of six pages of charts. There is no indication that the charts were prepared by defendant or that they were ever in defendant's possession.
>
> Documents from Come Leisure: Documents one through twelve of this production are wechat[1] messages between two Chinese manufacturers and Doug Graves. Doug Graves is an owner of defendant. The wechat messages focus on delays in obtaining fabric and are in large measure between the two Chinese manufacturers. Mr. Graves's contribution consists of two texts indicating, "Thanks to everyone. Have a great holiday," and "Thanks." The Court will assume that Mr. Graves was on the entire thread. Document 13 of the production is a chart. There is no indication that defendant prepared or possessed this chart. Document 14 is an email from Kerry Forsdahl to "Judy," who appears to be an employee of a Chinese vendor. The email discusses releasing bills of lading.
>
> Documents from North Forest: This production consists of 152 pages of documents. Nearly 100 pages of the production are invoices and packing lists. Other documents include wechat messages regarding fabric delays (NF 133-149), documents regarding artwork for the box (NF 6-8), emails regarding fabric delays

---

[1] Wechat is an app that allows texting.

4

(NF 10-16, 18, 20-21, 28-30), and emails regarding shipping, bills of lading and issues regarding this litigation (NF 17, 19, 22-26, 31-320).  In addition, there is a chart outlining when fabric would be required in order to meet the delivery dates required by purchase order 4518 (NF 30), an email from Kerry Forsdahl to a Chinese vendor discussing deposit amounts (NF 27), purchase orders and contracts (NF 1-5), and an email from Kerry Frosdahl to a Chinese vendor discussing purchase order 4518 and a delivery schedule (NF 9).[2]

Plaintiff argues that defendant's failure to produce these documents during discovery was in bad faith and that the severe sanction of striking defendant's claims should be imposed.  Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to comply with a discovery order, "the Court may issue further just orders."  The orders may include, among others, (1) directing that matters embraced by the order or other designated facts be taken as established, (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, (3) striking pleadings, (4) dismissing the action or rendering default judgment. Fed.R.Civ. Pro. 37(b)(2).

In assessing whether to dismiss a party's claims as a discovery sanction,[3] a district court should consider, "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States*

---

[2] There are two additional documents, although it is unclear whether defendant created or would have possessed those documents. (NF33-34, 150-152).

[3] Defendant makes a lengthy argument about whether plaintiff complied with the "discovery dispute" rules.  But, as plaintiff notes, this is a motion for sanctions for violating the Court's Order.  It does not request compulsion of documents.

5

*v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002) (internal quotation marks and citation omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*.

At the outset, the Court notes that it will address only defendant's failure to produce documents regarding fabric production delays, prior version of the purchase orders, and documents related to deposits. The majority of the documents produced by the Chinese vendors either have little relevance to the issues in the lawsuit or are documents for which the Court simply cannot say were prepared or kept by defendant.[4]

Fabric delay documents

The Court must first address whether defendant's failure to produce the documents is due to willfulness, bad faith, or fault. It is undisputed that defendant did not produce a number of emails either to or from Kerry Forsdahl or Doug Graves that involve discussions with Chinese vendors about difficulties in securing the fabric needed to manufacture the hunting blinds. Nor did defendant produce wechat messages involving Doug Graves on the same subject. According to an affidavit provided by Doug Graves, defendant produced all documents in its possession related to Chinese vendors. Defendant claims that it did not maintain "old" emails. With respect to the wechat messages, Graves avers that he did not save any old messages and has no means to obtain them. The Court agrees with plaintiff that it is highly suspicious that defendant did not possess at least *some* of these documents. Even assuming defendant did not maintain the wechat

---

[4] This includes, among others, all of the documents produced by TuRui and Linyi, the nearly 100 pages of the production from North Forest that consist of invoices and packing lists, and documents related to box art.

6

messages, it makes little sense that *none* of the fabric emails were maintained. Defendant claims that the emails are "old," and were likely deleted. But, as plaintiff points out, other emails pre-dating the "fabric" emails at issue were produced. Moreover, some of the emails involved both Graves and Forsdahl, who maintained their documents on different servers. Thus, the likelihood that both deleted the same emails seems unlikely.[5] The Court cannot, however, say that based on a totality of the discovery conducted in this case that defendant acted particularly egregious such that the severe sanction of dismissal would be appropriate.

The Court further finds that these documents are relevant and that plaintiff suffered some prejudice as a result of defendant's failure to produce them. Plaintiff points out that it could have used these documents to rebut defendant's claim that the failure to make 50% deposits is the cause of the shipping delays.

With regard to the third factor, although the Court warned defendant that certain sanctions might be imposed for discovery abuses, the Court never warned defendant that dismissal might result.

As to the fourth factor, the Court has considered less severe sanctions and finds them to be appropriate based on a totality of the circumstances. Plaintiff's requested sanctions would all result in a either dismissal or a directed verdict. On the other hand, the Court finds that a jury instruction on the issue of fabric delays is warranted. The Court will therefore instruct the jury that fabric delays caused production delays. The Court will not, however, go so far as to instruct the jury that fabric delays are the *only* cause of the ultimate shipping delays. The Court finds

---

[5] The Court notes that Forsdahl did not produce an affidavit in connection with this dispute.

7

that this sanction is sufficiently serious to deter future discovery abuses and to punish defendant for its failure to comply with the Court's discovery order. Given the Court's imposition of a serious sanction, the Court denies plaintiff's request to conduct a forensic examination of defendant's hard drives.

### Prior version of the purchase orders

Upon review, the Court finds that any failure on defendant's part to produce the "prior" version of certain purchase orders does not warrant sanctions. Plaintiff does not dispute that defendant produced updated versions of the purchase orders at issue. According to plaintiff, the updated versions do not have delivery dates. During the summary judgment briefing, defendant argued that the delivery dates set forth in the May 17th Purchase Orders could not be complied with because they arose so soon after the parties agreed to the terms. But, the Court and the parties were fully aware that the parties had negotiations prior to the existence of the May 17th Purchase Orders. In fact, the Court noted that some of the blinds were even delivered prior the May 17th Purchase Orders. The Court finds that plaintiff suffered little, if any, prejudice as a result of any failure on the part of defendant to produce these documents during discovery. Nor can the Court say that defendant acted in bad faith or engaged in contumacious conduct. The Court will certainly allow plaintiff to introduce these documents at the trial in this matter, but the Court finds that sanctions are not warranted.

### Documents related to deposits

Plaintiff argues that the documents disclosed by the Chinese vendors show that defendant did not provide deposits to its vendors. As such, defendant did not suffer any damages as a result of plaintiff's failure to pay a 50% deposit. Plaintiff primarily relies on NF27, which is an

email from Forsdahl to a Chinese blind manufacturer denying it a 20% deposit. According to plaintiff, defendant indicated in January of 2018 that deposits were required to pay vendors. But, this email shows that defendant did not pay a deposit to its suppliers. The document shows that defendant did not believe a 20% deposit was required at that time. The remainder of the information relied on by plaintiff to show that defendant did not require any deposits comes from an affidavit obtained from a Chinese textile factory or payment lists that do not appear to have been created or maintained by defendant. The Court will not consider this evidence at this juncture. Discovery closed and plaintiff approached these witnesses long after the close of discovery. The Court will not in essence, reconsider its summary judgment rulings based on new evidence. Rather, the Court finds that defendant's failure to disclose NF27 or any other "deposit" document does not warrant sanctions. As an initial matter, there is no indication that any such failure was done in bad faith. Nor did plaintiff suffer demonstrable prejudice as a result. Again, however, plaintiff remains free to use these documents at the trial in this matter.

 2. Defendant's motion for sanctions

Defendant argues that plaintiff's actions in contacting the Chinese vendors violates both the parties' confidentiality agreement and the Court's Protective Order. But, as plaintiff points out, defendant wholly fails to identify any confidential information disclosed by plaintiff. Accordingly, sanctions are not warranted. Both parties accuse each other of improper contact with the Chinese vendors. Defendant claims that plaintiff promised the vendors business in exchange for their assistance with this matter. On the other hand, plaintiff accuses defendant of instructing the vendors not to cooperate with plaintiff. The Court cautions both parties that any improper contact will not be tolerated. Although requested by plaintiff, the Court will not enter

an injunction at this time.

    3.  Fees

Having concluded that defendant engaged in discovery abuses, the Court finds that an award of attorneys' fees is proper.  The Court declines to award costs or fees for the time spent securing the cooperation of the Chinese vendors, as this could have been done during the discovery period at plaintiff's cost.  The Court will, however, award plaintiff the reasonable attorneys' fees incurred in preparing the motion.  Plaintiff is to provide a detailed summary of the fees, broken down by time entry.  This must be provided on or before May 20, 2020.  The Court will review the submission and award an appropriate fee.

### **CONCLUSION**

For the foregoing reasons, Plaintiff Outdoor Product Innovations, Inc.'s Motion for Sanctions (Doc. 131) is GRANTED in PART and DENIED in PART.  As set forth herein, the Court will instruct the jury that delays in fabric shipment caused delays in production.  In addition, the Court hereby awards plaintiff reasonable attorneys' fees incurred in preparing its motion.  By May 20, 2020, plaintiff is to provide the Court with a detailed summary of the fees, broken down by time entry.  The Court will review the submission and award an appropriate fee.  The Court DENIES defendant's Motion for Sanctions Against Plaintiff for Violation of the Confidentiality and Protective Order.

    IT IS SO ORDERED.

                                                        /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge
Dated: 5/5/20                            Chief Judge