# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| OUTDOOR PRODUCT INNOVATIONS, INC., | ) | CASE NO. 1:18-CV-2457 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES** |
| JEST TEXTILES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The Court sanctioned Defendant Jest Textiles, Inc. ("Jest") under Rule 37(b)(2) and awarded Plaintiff Outdoor Product Innovations, Inc. ("OPI") the reasonable attorney fees it incurred. OPI incurred $41,653.50 in attorneys' fees. Jest opposes this amount on a variety of grounds. None of them are meritorious. The Court should award OPI $41,653.50.

**A. The Court Should Not Hold OPI's Fee Application in Abeyance.**

Jest cites no authority that permits the Court to hold OPI's fee application in abeyance pending trial. And there is none. The Court held that Jest violated a discovery order. The Court "must" award attorneys' fees OPI incurred that were "caused by the [violation]." Fed. R. Civ. P. 37(b)(2)(C). Jest cannot, and does not, counter the plain language of the rule. The Court must award fees to OPI.

Next, Jest seems to ask the Court to reconsider its order by claiming that "after trial" the Court "may have a greater understanding of why" Jest failed to produce documents the Court ordered to be produced. (Opp. at 1-2). But the time to present this so-called evidence was in

{01449355-1}

response to OPI's motion for sanctions—not at trial.[1] The Court should not permit this belated attempt to explain Jest's malfeasance.

Finally, Jest is under the mistaken belief that it is somehow entitled to attorneys' fees. It is not. As OPI explained in its motion for reconsideration, the parties' contract does not contain any fee shifting provision. (ECF No. 125). This is confirmed by unambiguous Ohio Supreme Court case law that Jest has never even attempted to distinguish. OPI will prevail on this issue at trial after Jest concludes its case in chief. *See* Fed. R. Civ. P. 50(a)(1)(A), (B).

At bottom, the Court should not hold OPI's fee application in abeyance.

**B.     MLCL's Fees Are Reasonable.**

Jest should not be heard to complain about the attorney fees OPI incurred in prosecuting its motion for sanctions. "A litigant who decides to engage in bad faith conduct must accept the fact that his opponent may go to great lengths to remedy the wrong, as [OPI] has done in this case." *Pepsico, Inc. v. Cent. Inv. Corp.*, 216 F.R.D. 418, 421 (S.D. Ohio 2002). By awarding OPI "the amount it spent preparing the motion for sanctions," the Court "puts the risk of engaging in bad faith conduct where it belongs-on [Jest], the malfeasor." *Id.*

*Pepsico* is instructive. There, the court awarded, as a Rule 37 sanction, attorney fees of $101,519, of which $66,840.25 were incurred preparing a motion for sanctions. *Id.* at 419. And, like here, although the money sought "is a large sum of money," it pales in comparison to the amounts at stake in the case. *Id.* at 421.

The same is true here. OPI acknowledges that it seeks a large sum of money in its application. But those are fees that OPI incurred to prosecute its motion for sanctions, and they

---

[1]     Although Jest's recordkeeping policy (or lack thereof) is certainly relevant to its disorganized claims of breach of contract and statement on an account, it does not excuse its failure to produce relevant documents in discovery.

{01449355-1}

are fees that OPI's counsel, McCarthy, Lebit, Crystal & Liffman ("MLCL"), charged and billed OPI. *See* (Application for Fees at Ex. 1 (ECF No. 142-2)). Hours that are billed to one's client may be properly billed to one's adversary in a fee-shifting case. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). And this is all the more true when a party's bad faith discovery conduct causes its adversary to incur fees to uncover the sanctionable conduct and prosecute a sanctions motion. *See Pepsico*, 216 F.R.D. at 421. Jest only has itself to blame. If it had complied with this Court's Order, OPI would not have incurred these fees. But because Jest did not comply with the Order, Jest must reimburse OPI for the fees it incurred to remedy the violation of the Court's Order. *See* Fed. R. Civ. P. 37(b)(2)(C).

Even if the Court considers Jest's critiques of OPI's fee application, it should reject Jest's arguments.

Jest first seems to argue that OPI was required to support its fee application with expert testimony. (Opp. at 3 (citing *Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, No. 3:05 CV 7153, 2006 U.S. Dist. LEXIS 58174, at *8 (N.D. Ohio Aug. 18, 2006)). Jest is wrong. *Disabled Patriots* simply explains that expert testimony may be required to prove prevailing market rates but that citations to prior precedents may be sufficient. *Disabled Patriots*, 2006 U.S. Dist. LEXIS 58174, at *8-*9; *accord Pepsico, Inc. v. Cent. Inv. Corp.*, 216 F.R.D. 418, 419 (S.D. Ohio 2002) ("[B]ecause the resolution of the issue is committed to the Court's discretion, whether CIC's legal fees are reasonable is not an appropriate topic for expert testimony. Thus, the Court has not considered [a purported expert's] testimony in reaching its conclusion."). In its application, OPI cited two recent decisions of this Court approving hourly rates of $350 and $475 for partner-level attorneys. *See Infinity Capital LLC v. Francis David Corp.*, No. 1:18-cv-2422, 2019 U.S. Dist. LEXIS 120769, at *3 (N.D. Ohio July 19, 2019) (Gwin, J.); *Sheffield Metals Cleveland,*

*LLC v. Kevwitch*, No. 1:17 CV 1120, 2018 U.S. Dist. LEXIS 86652, at *7 (N.D. Ohio May 23, 2018) (Gaughan, C.J.). As a result, MLCL's hourly rates of $350 for partner-level attorneys and $175-$215 for associate-level attorneys are reasonable. Notably, neither Jest nor its purported expert contest that MLCL's hourly rates are unreasonable[2].

Jest next complains that MLCL's "time is clearly excessive, redundant and repetitive." (Opp. at 4). But, as OPI explained in its application, this was not a run-of-the-mill discovery dispute. OPI and its counsel, MLCL, needed to spend significant time reviewing the hundreds of pages of Chinese vendor documents, comparing and contrasting them with the five thousand or so pages of largely redundant documents that Jest produced, and then research and draft a motion for sanctions. That is not work that can be done well in just a couple hours by one lawyer. MLCL did not "over-lawyer" the case; it staffed the case appropriately, as is evident in its successful sanctions motion.

Fees were not redundant or excessive. As is evident by the billings records, Attorney Oleski took the lead at drafting because he has the lowest hourly rate among counsel of record, and he has considerable motion practice experience. Attorneys Cuppage and Stewart are billing at partner rates of $350/hour but each is bringing a separate viewpoint and expertise to the litigation. Attorney Graham, who is an associate, did some analytic work on Jest documents to refute Jest's claim that all the money Jest received from OPI was sent to China. And Attorney Glassman, an associate, and a law clerk, Trae Graham, performed legal research on discrete legal issues (sanctions under Rule 37 and the applicability of the Foreign Corrupt Practices Act) that were directly relevant to the motion and reply papers that OPI filed. Each professional was used in an effort to minimize the cost of OPI's motion.

---

[2] What's more, it is baffling that Jest complains about the amount of fees OPI seeks while at the same time complaining that OPI should have obtained expert testimony, thus increasing OPI's fee application.

{01449355-1}

True, the fees OPI seeks are not insubstantial. But, again, Jest only has itself to blame. Nearly half of MLCL's time was spent responding to Jest's frivolous arguments in its opposition to the motion for sanctions. As the Court will recall, Jest argued, among other things, that

- OPI's sanctions motion was time barred by Local Rule 37.1;

- "Much of the information, Plaintiff claims was never produced - **WAS PRODUCED BY JEST OVER A YEAR AGO**" (emphasis in original);

- Jest either never possessed some of the documents or had deleted them before the lawsuit was filed;

- "Plaintiff's Motion is a panicked filing because it knows it already lost on summary judgment, had most of its claims thrown out and the Trial is looming. The Motion for Sanctions smells of desperation and fear";

- "What is most telling about Plaintiff's current Motion is that it is direct evidence that it has breached both the parties' Confidentiality Agreement and the Court's Protective Order"; and

- "Desperation makes people do reckless things and in this case that has led us to Plaintiff and its agents knowing and purposeful violation of this Court's Protective Order, the Confidentiality Agreement, PRC Anti-Unfair Competition Law, Anti-Bribery and Fair Competition Act of 1998, Defend Trade Secrets Act of 2016 (DTSA) and Ohio law. Jest will be filing a separate motion on these issues and requesting limited discovery and a hearing."

Likewise, immediately before filing its opposition to the motion for sanctions, Jest's counsel emailed the undersigned counsel and attorney Stewart, with the subject line "Rule 11 OPI v. Jest," to inform them that Jest "will be seeking sanctions against your clients and your

firm for the recent conduct.  There will most likely be a separate lawsuit and/or filings as well." (Ex. A, Stavnicky 4/9/20 email). Attorney Stavnicky also (for some reason) threatened counsel by "requesting your depositions as counsel." *Id.*

Jest's opposition to the motion for sanction and Attorney Stavnicky's email raised a number of bogus arguments all of which needed to be responded to—especially because Attorney Stavnicky's email threatened counsel with Rule 11 sanctions and a separate lawsuit. To date, Jest and Attorney Stavnicky's paper-tiger threats have not been acted upon, but the serious nature of those threats still warranted a strong response. Throughout this case, Jest and Attorney Stavnicki have used threats of escalating litigation and have regularly submitted disorganized documents and information requiring OPI to spend significant time and effort to review and organize Jest's documents and information. Every time they have attempted to throw the kitchen sink at OPI, OPI and its attorneys have responded with detailed and methodical analysis and answers. OPI's response to Jest's discovery violations has been no different. There has been no unwarranted duplication of efforts or attorney time.

Jest complains that a review of OPI's counsel's time entries and fees show massive duplication of efforts by Attorneys Oleski, Stewart and Cuppage. Not so.

This case is a complex contract dispute involving many issues of accounting. Jest has routinely tossed raw data into the pot with no organization or analysis, but simply made sweeping unsubstantiated claims that its data proves its points. *Cf.* Mem. Op. & Order at 5 n.4 ("Defendant's briefing contains a number of assertions with no corresponding citation to any evidence. Unsupported factual assertions are not admissible and, therefore, no reference to any such statement is set forth in this Opinion.") (ECF No. 124). Rebuttal of Jest's false claims has required OPI to do the missing analysis of the raw data. That has been a very time-consuming

6

job. While Jest complains of the time to analyze its data claims, at root, Jest's lazy approach is the cause of the large amount of time spent in this matter for which OPI is claiming attorney fees.

Jest's complaint about the number of individuals involved for OPI is really sour grapes. The Court should take notice that Jest has no expert witness, no Certified Public Accountant, or any person with financial acumen to address the complex accounting and business issues in this case. Jest's entire case is built on the testimony of its owners, Kerry Forsdahl and Douglas Graves, and their approach to producing information is simply to throw everything against the wall to see what, if anything, sticks.

Much of the difficulties in this case and in discovery are due to the lack of sophistication by Jest in answering business questions involving money. That lack of sophistication was repeated in its opposition to the motion for sanctions when it again threw its payment records into the motion practice. *See* (Opp. Mot. for Sanctions at 9) (ECF No. 133). But the evidence demonstrated that OPI paid Jest $5.7 million for the products produced and imported by Jest, yet Jest produced records showing slightly more than $4.3 million was paid to Shangai Textile Decorator Corporation ("SDC"), leaving the Chinese vendors unpaid, freight and storage bills in the U.S. unpaid (at least until OPI paid C&H), and the U.S. Customs' bills unpaid. When specifically asked to explain what Jest or its officers/shareholders did with the money they cannot give a coherent answer. Jest claimed that it sent all payments from OPI to their Chinese agent SDC. When asked for the documents to that effect, Jest supplied unorganized documents with no account summary. And, when OPI made the effort to organize and summarize the payments from Jest to SDC it became apparent that the actual numbers do not support Jest's claims. Jest's own data demonstrates the falsity of Jest's claims. So now, Jest complains that OPI

{01449355-1}

spent too much time and effort on the discovery violation. Jest presumes that the information is of no importance and does not want OPI to analyze the relevance of the new information to what had been previously provided. Again, Jest's motivations are not pure, but intended to be damage control for their intentional and reckless approach to discovery.

        C.        **Attorney Stewart's Time Is Reasonable.**

Next, Jest and its purported expert take issue with ***all*** Attorney Stewart's time on the ground that "his firm's website shows that he works in tax and estate planning." (Dodd Aff. ¶ 10). Jest asks "why is an estate planning lawyer billing 59.4 hours on a discovery motion that is unrelated to estate or tax issues?"

Attorney Stewart has been counsel of record for OPI in this case since it was filed in October 2018. He has been intimately involved with the business operations of OPI and in this litigation, including in efforts (described above) to make sense of the raw data and disorganized discovery produced by Jest. Due to his efforts in reviewing the raw data and organizing the disorganized, he assisted undersigned counsel in preparing and filing dispositive motions, discovery motions, and opposition papers. He took two depositions, as many as Attorney Stavnicky took, in this case. And his involvement in drafting the motion for sanctions and the reply brief was essential for its effective preparation.

Jest's objection to attorney Stewart's time is based on a fallacy: only self-professed litigators can practice in federal court. That is plainly wrong. And what's more, Attorney Stewart's background as a certified public accountant and as a business and corporate lawyer[3]

---

[3]     Mr. Stewart graduated Magna Cum Laude from the University of Texas with double major in Economics and Accounting. A member of Phi Beta Kappa, Mr. Stewart obtained his Master's Degree in Accounting from Catholic University of American in Washington DC.  Mr. Stewart then attended the Cleveland-Marshall College of Law, at night while working full time as a CPA. He graduated Magna Cum Laude. Mr. Stewart has been practicing law for over twenty years and a significant part of his practice is business and corporate law. Mr. Stewart has served

8

(*see* https://www.mccarthylebit.com/people/e-roger-stewart/) has brought an essential perspective to a business litigation matter. Jest's objection to attorney Stewart's time is meritless.

### D. OPI Is Entitled to All the Fees It Incurred, Including the Fees It Incurred in Preparing the Fee Application.

The Court should not reduce the fees OPI seeks because the Court only awarded OPI some of the relief it sought. *Pepsico, Inc. v. Cent. Inv. Corp.*, 216 F.R.D. 418 (S.D. Ohio 2002), and the plain language of Rule 37(b)(2)(C) counsel that an attorney fee award should not be reduced merely because a court does not grant all the relief a party seeks in a motion for sanctions—contrary to Jest's unsupported contention.

*First*, the rule. It says that "[i]nstead of or in addition" to the sanctions listed in the rule, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). The expenses caused by Jest's failure to comply with the Court's discovery order are the fees OPI incurred in prosecuting its motion for sanctions. If Jest had complied with the Court's order, OPI would not have incurred these fees. The rule requires the Court to award OPI the fees that it incurred that were caused by Jest's discovery violation. The rule does not permit the Court to reduce OPI's fee simply because the Court declined to grant OPI all the relief it sought.

---

Mr. Reaser and his many companies including OPI as Corporate Counsel since 2009. In his capacity as Corporate Counsel, Mr. Stewart has been instrumental in buying and selling businesses, handling real estate transactions, handling employment and contract issues and litigation. Mr. Stewart also practiced as a Certified Public Accountant for many years prior to turning his interests full time to the practice of law. Certified Public Accountants have extensive business skills which are extremely useful in analyzing data in complex business matters. Mr. Stewart uses those business skills acquired as a Certified Public Accountant to provide enhanced analytical ability in complex business matters. While on active duty with the US Navy and prior to becoming a lawyer, Mr. Stewart was actively involved in contracting for Navy nuclear submarines and he holds a specialty designation in government contracting.

*Second*, *Pepsico*. Jest does not even discuss or attempt to distinguish *Pepsico*. Nor can it. The Court there "f[ound] no merit in the contention that CIC's fees related to the motion for sanctions should be reduced because it did not get the relief it sought," because it "is not an application for fees by a civil rights litigant in which the Court must gauge the plaintiff's degree of success versus the relief sought." *Pepsico, Inc.*, 216 F.R.D. at 421. Instead, because "discovery sanctions have a legitimate deterrent and punitive purpose," an attorney fee award under Rule 37 should not be reduced to gauge the prevailing party's degree of success. *Id.* Reducing a fee to gauge the prevailing party's success would countermand the plain language of Rule 37 and reward bad faith litigants, like Jest. As in *Pepsico*, the Court should decline to reduce OPI's fee.

Finally, Jest and its purported expert argue—without citing any authority—that OPI cannot recover for the time it spent drafting the fee application. This is plainly wrong under binding Sixth Circuit caselaw. *See McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) ("interpret[ing] the scope of Rule 37(c)(2) to encompass reasonable attorney's fees and costs associated with the preparation and presentation of the fee application"); *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007) ("The district court's decision to exclude altogether the time spent litigating the fee petition thus contradicts Sixth Circuit precedent."); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 910 (6th Cir. 1991) (awarding the cost of preparing the fee application). The fact that attorney Dodd, Jest's so-called expert, did not even address this caselaw, which was cited in OPI's fee application, is enough to disqualify him as an expert. OPI can recover for the time its counsel spent preparing the fee application.

\*   \*   \*

The Court should award OPI $41,653.50 in attorneys' fees.

Dated: June 8, 2020 Respectfully submitted,

/s/ Nicholas R. Oleski
David M. Cuppage (0047104)
E. Roger Stewart (0069042)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
Telephone: (216) 696-1422
Facsimile: (216) 696-1210
Email: dmc@mccarthylebit.com
ers@mccarthylebit.com
nro@mccarthylebit.com

*Attorneys for Plaintiff Outdoor Product Innovations, Inc.*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 8th day of June 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Nicholas R. Oleski
Nicholas R. Oleski (0095808)

{01449355-1}